Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5588 | **DATE** | 7/12/02 |
| **CASE TITLE** | Williams v. Pucinski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss or, in the alternative, to stay the proceedings [33-1, -2] is denied. Defendants are given 20 days to answer or otherwise plead to the amended complaint. Plaintiff's motion for appointment of counsel [36-1] and motion to expedite this case to its trial [47-1] are denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 12 2002 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

| | | |
|---|---|---|
| JAMES E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 01 C 5588 |
| | ) | |
| AURELIA PUCINSKI, | ) | Judge Ronald A. Guzman |
| THE COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James E. Williams, currently an inmate at Hill Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants have denied him his First Amendment right of access to the courts. On December 6, 2001, Williams filed an amended complaint. Defendants Aurelia Pucinski, formerly the Clerk of the Circuit Court of Cook County, and the County of Cook have filed a motion to dismiss pursuant to Rule 12(b)(1) or, in the alternative, to stay the proceedings. Williams has filed a response and several affidavits. For the following reasons, the court denies defendants' motion to dismiss or, in the alternative, to stay this action.

## BACKGROUND FACTS

### *Williams v. County Cook Clerk*, 98-L-014617–the underlying case

On April 27, 1999, Judge Alfred J. Paul dismissed *Williams v. County Cook Clerk*, 98-L-014617. On May 12, 1999, Williams filed a notice of appeal and a written request for Pucinski to prepare the record on appeal, consisting of the common-law record. Williams was granted leave to

appeal as a poor person on May 26, 1999. However, Circuit Court employees refused to assist him and attempted to charge him a $75 fee for the common-law record. Pucinski never filed the record on appeal, and she never responded to the letters Williams wrote her about this matter. On August 16, 2000, the Appellate Court dismissed the appeal (Appeal No. 1-99-1642) because Pucinski had failed to file the record on appeal.

### *Williams v. Pucinski*, 00 CH 15516

On August 24, 2000, Williams's complaint, *Williams v. Pucinski, Gagliardi, The County of Cook, and McIntyre*, 00 MR 334, was transferred to Cook County. It was docketed as 00 CH 15516 on October 26, 2000. Numerous actions transpired in this case between October 26, 2000, and August 15, 2001, without Williams being notified. On September 19, 2001, Williams filed a motion to voluntarily dismiss this state action because of continual denial of access to the court.[1] According to defendants' supplement to defendants' motion to stay, Williams brought 00 CH 15516 against Pucinski and Mike McIntyre, a deputy clerk of the circuit court, alleging denial of access to the court because they did not supply him with a copy of the motion to dismiss in 98 L 14617 and Pucinski did not file the record on appeal.

### *Williams v. Pucinski*, 01 L 5266

On August 24, 2000, Williams filed a complaint in Will County, *Williams v. Pucinski*, 00 MR 572, regarding the problems he encountered in *Williams v. County Cook Clerk*, 98-L-014617. On March 28, 2001, defendant's motion to transfer the case to Cook County was granted. The case was

---

[1]The docket reflects that Williams filed a motion to dismiss. However, a letter, dated April 5, 2002, from Associate Judge Wayne Rhine to Williams which Williams attached to his Reply to Court Order of April 8, 2002, Exhibit B, states that this action was dismissed for want of prosecution on September 17, 2001.

2

docketed as 01 L 5266. On July 15, 2001, Williams filed a motion to dismiss 01 L 5266. Judge A. Goldberg granted Williams's motion to dismiss the lawsuit on January 17, 2002. Plaintiff's Reply to court Order of April 8, 2002, Exhibit A. According to defendants' supplement to defendants' motion to stay, Williams brought 01 L 5266 against Pucinski for the same facts involving the underlying case, 98 L 14617.

Based on these cases, Williams has made two counts. First, based on the events that transpired in 98 L 014617, that is, Pucinski's refusal to file the record on appeal, Williams claims that he was denied access to the courts. Second, he claims that the County of Cook has created a policy to prohibit all county employees from providing assistance to *pro se* plaintiffs proceeding as poor persons against government employees. To support this claim, Williams cites to a letter he received from Frank J. Gagliardi, Law Clerk to the Hon. Lee Preston, dated January 5, 1998, informing Williams that employees of the Circuit Court are prohibited from rendering any legal assistance, in this particular instance, to assist Williams in obtaining service on the defendant. Plaintiff's Exhibit C. Because of Cook County's policy not to assist *pro se* plaintiffs, Williams claims he filed a motion to voluntarily dismiss 00-CH-15516 on September 19, 2001.

Williams filed this federal action on July 19, 2001.

Williams seeks compensatory damages in the amount of $150,000 and punitive damages in the amount of $100,000 from Pucinski and compensatory damages in the amount of $150,000 and punitive damages in the amount of $325,000 from the County of Cook.

## **LEGAL STANDARD**

Defendants' motion to dismiss is based on the abstention doctrine. This kind of motion is considered under Federal Rule of Civil Procedure 12(b)(1). *See Beres v. Village of Huntley*, 824 F.

3

Supp. 763, 766 (N.D. Ill. 1992). The court may consider materials outside the pleadings without converting the motion into one for summary judgment. *English v. Cowell*, 10 F.3d 434, 437 (7th Cir.1993). In ruling on a 12(b)(1) motion, the court looks both to the allegations in the complaint and to other materials relating to the issue of the court's jurisdiction. *Discovery House, Inc. v. Consolidated City of Indianapolis*, 970 F. Supp. 655, 658 (S.D. Ind. 1997).

**DISCUSSION**

Defendants argue that this action should be either dismissed under Fed. R. Civ. P. 12(b)(1) or, in the alternative, stayed pending the resolution of the state court civil proceeding involving the same incident. Defendants assert that under the abstention doctrine, federal courts should not entertain a claim for damages, injunctive, or declaratory relief, if disposition of the civil action would involve ruling on issues that could be raised in the state proceeding.

The abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain rather than interfere in a pending state criminal proceeding. This concept was later expanded to pending civil proceedings that implicate important state interests, *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977), and in which the federal claims can be decided by the state appellate tribunal, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 609 (1975). It also extends to claims for monetary relief if federal adjudication would be disruptive of the state proceeding, *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995), *citing Samuels v. Mackell*, 401 U.S. 66 (1971); *Hudson v. Chicago Police Dept.*, 860 F.Supp. 521, 523 (N.D. Ill. 1994).

Defendants point out that a three-pronged test is used to determine whether abstention in favor of a state proceeding is appropriate. *Middlesex Co. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982). The inquiries are (1) whether the state proceedings are ongoing; (2)

4

whether the state proceedings implicate important state interests; and (3) whether the state proceedings provide an adequate opportunity to raise federal questions.

In response, Williams argues that he no longer has any pending state proceedings. He filed a motion to voluntarily dismiss 00-CH-15516. Williams attached a letter dated April 5, 2002, from Associate Judge Wayne Rhine to Williams, to his Reply to Court Order of April 8, 2002, Exhibit B, which states that this action was dismissed for want of prosecution on September 17, 2001. On July 15, 2001, Williams filed a motion to dismiss 01 L 5266. Judge A. Goldberg granted Williams's motion to dismiss the lawsuit on January 17, 2002. Plaintiff's Reply to Court Order of April 8, 2002, Exhibit A. It thus appears that neither of these actions is currently pending in state court.

Defendants counter that until Williams has served them with a valid copy of the orders showing that the state court complaints have been dismissed with prejudice, then this action should be stayed because Williams could reinstate these actions in state court.

Williams argues that pursuant to the amended 735 ILCS 5/13-217,[2] he no longer has one year in which to refile an action after either a voluntary dismissal or dismissal for want of prosecution.

---

[2] 735 ILCS 5/13/217 (2000) reads prior to its amendment by P.A. 89-7 as follows:
In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue

5

Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. *See* 735 ILCS 5/13-217; *see also* Ill. S.Ct. R. 273; *Harl v. City of LaSalle*, 679 F.2d 123 (7th Cir. 1982); *S.C. Vaughan Oil Co. v. Caldwell, Troutt, & Alexander*, 181 Ill.2d 489, 230 Ill.Dec. 209, 693 N.E.2d 338, 344 (1998).

It appears that in reading the statute, Williams did not realize that Public Act 89-7, which amended this section by deleting the phrase "or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution" following "the judgment is entered against the plaintiff," and the phrase "or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution," following "reversed or entered against the plaintiff," has been held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 689 N.E.2d 1057 (Ill.1997). As a result, the section as quoted in footnote 2 is the correctly-worded section.

Williams accordingly has until September 17, 2002, when he could refile *Williams v. Pucinski*, 00 CH 15516, and until January 17, 2003, when he could refile *Williams v. Pucinski*, 01 L 5266. However, the fact that Williams *could* refile these actions does not make them pending actions. They are not currently pending in state court, and it is only pending state actions that invoke the *Younger* abstention doctrine. The court accordingly denies defendants' motion to dismiss or, in the alternative, to stay this action. However, if Williams were to refile either or both of these state actions during the pendency of this federal action, defendants would have good cause to once again seek a stay.

Williams has also filed a motion for appointment of counsel. Appointment of counsel for

6

an indigent plaintiff in a suit under 42 U.S.C. § 1983 is required only in exceptional circumstances. *Gorenc v. Salt River Project*, 869 F.2d 503, 509 (9th Cir. 1989); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). Williams has not demonstrated any exceptional circumstances here. The general practice of this court in prisoner civil rights cases is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing. *See Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981). This case has not yet reached that stage. Defendants have filed a motion to dismiss. On a motion to dismiss the court must accept all of a plaintiff's allegations of fact as true. Consequently, Williams's only obligation is to clearly explain to the court the basis for his complaint and to provide the court with all the material facts in support of his claim. Williams has done this, and a review of the quality of Williams's pleadings to date show that Williams is capable of intelligently articulating his claims, even though he uses excessive verbiage and legalese. Accordingly, concluding that due process does not require appointment of counsel for Williams at this time, the court denies Williams's motion. *See Childs v. Duckworth*, 705 F.2d 915, 923 (7th Cir. 1983).

Williams's motion to expedite this case to its trial is denied as moot. With this ruling, the court has determined that this action will not be stayed and that it should proceed to its merits. Whether or not Williams's right of access to the court has been compromised will turn on whether any alleged interference hindered his efforts to pursue a legal claim *and* resulted in actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, Williams will need to demonstrate that he had a meritorious claim in *Williams v. County Cook Clerk*, 98-L-014617, and but for defendants' alleged interference, he would have prevailed on either the underlying action or the appeal, or both. Such a matter is better resolved on a motion for summary judgment rather than a trial.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, to stay the proceedings is denied. Defendants are given 20 days to answer or otherwise plead to the amended complaint.

**SO ORDERED**                    ENTERED:    7/12/02

*(signature)*

**HON. RONALD A. GUZMAN**

**United States Judge**