Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5588 | **DATE** | 9/25/02 |
| **CASE TITLE** | Williams v. Pucinski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [49] is granted in part and denied in part. It is granted as to any official-capacity claims against Pucinski. The motion is denied as to the individual-capacity claim. Defendants Pucinski and Cook County are given 20 days to answer or otherwise plead to the amended complaint.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 26 2002 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | 53 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SJA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 01 C 5588 |
| | ) | |
| AURELIA PUCINSKI, et al., | ) | HONORABLE RONALD A. GUZMÁN |
| | ) | |
| Defendants. | ) | |

DOCKETED
SEP 2 6 2002

## MEMORANDUM OPINION AND ORDER

The plaintiff, James E. Williams, has brought this suit against Aurelia Pucinski, former clerk of the Circuit Court of Cook County, and against Cook County, alleging that Pucinski never filed his record on appeal in a state court action. Williams alleges that this failure to file his record on appeal violated 42 U.S.C. § 1983 because it deprived him of his constitutional right of adequate and meaningful access to the courts.

The defendants have filed a motion to dismiss Williams's amended complaint for failure to state a claim under which relief can be granted. Fed. R. Civ. P. 12(b)(6). The defendants argue that (1) the claim against Pucinski and Cook County is barred by the Eleventh Amendment; (2) Pucinski has judicial immunity as an officer of the court; and (3) the Illinois Court of Claims has exclusive jurisdiction over the claim.[1]

---

[1] Although the defendants' motion to dismiss states on page 1 of the motion that the Eleventh Amendment bars the plaintiff's complaint against the County of Cook, the defendants have made no arguments in support of this position but have made arguments on behalf of Defendant Pucinski only.

1

## Standard of Review

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts that sufficiently set forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.), *cert. denied*, 506 U.S. 893 (1992).

## Facts

Williams claims the following: On May 12, 1999, he made a written request to Pucinski to prepare the record on appeal to the First District of the Illinois Appellate Court, from a final appealable order entered by a judge of the Circuit Court of Cook County on April 27, 1999. He included a notice of appeal with this request. Illinois Supreme Court Rule 326 required that the

2

record on appeal be filed within 63 days after the filing of the notice of appeal.

According to Williams, Pucinski never filed his record on appeal in the Appellate Court. He wrote her several letters to notify her that the record had not been filed, but she did not respond. He then made several *pro se* motions in the Appellate Court, asking the court to direct Pucinski to file the record on appeal, but the court would order only extensions of time for the record to be filed. The court ultimately ordered that the record had to be filed by March 31, 2000, or the case would be dismissed. Williams sent Pucinski a copy of the court order, but she did not file the record on appeal by March 31, 2000, and on August 16, 2000, the Appellate Court dismissed the case.

Williams alleges that Pucinski deprived him of, among other things, his right to prosecute the action on appeal as a poor person, and his right to have meaningful and adequate access to the Appellate Court, and that her failure to file his record on appeal violated 42 U.S.C. § 1983 because it deprived him of his constitutional right of adequate and meaningful access to the courts.

## Analysis

### Applicability of the Eleventh Amendment and Judicial Immunity

In their motion to dismiss, the defendants argue that Pucinski is immune from suit for two reasons: (1) the Eleventh Amendment affords her immunity as a state official, and (2) she is immune under the doctrine of judicial immunity. These two arguments are closely related and will be discussed together.

Under certain circumstances, the Eleventh Amendment to the United States Constitution bars lawsuits against governmental entities and government officials. The defendants argue that

3

the Eleventh Amendment applies to bar this suit against Pucinski and Cook County because Pucinski is a state official, and suits brought against state officials in their official capacity are deemed to be suits against the state, which are barred by the Eleventh Amendment. In support of this argument, the defendants cite *Scott v. O'Grady*, 975 F.2d 366 (7th Cir. 1992).

It is true that *Scott* states the general rule that suits against a state and its agencies are barred unless the state consents to suit in federal court or Congress abrogates the immunity. *Id.* at 369. But *Scott* also recognizes that suits against state officials are "sometimes permissible," noting that a "suit against a state official in his personal capacity is not barred by the Eleventh Amendment...." *Id.* Further, *Scott* also recognizes that county officials do not get the benefit of the Eleventh Amendment when they act as county officials. It is when they act as an arm of the state, as when a sheriff acts to enforce orders issued by state courts, thus acting as an arm of the state judicial system, that they must be deemed state officials for the purposes of Eleventh Amendment immunity. *Id.* at 371.

The defendants argue that *Scott* applies here, making Pucinski immune to suit, because Pucinski was acting in her official capacity as clerk of the court and thus acting as an arm of the Illinois state judicial system. They cite *Drury v. County of McLean*, 89 Ill. 2d 417, 433 N.E.2d 666 (1982), for the principle that the clerk of a circuit court of a county is a nonjudicial member of the judicial branch of state government. *Drury* focused on whether the clerk was a county official or a state official for purposes of determining the county's financial liability to criminal defendants allegedly injured by the clerk's conduct. That question is not our focus here. But even if this court were to hold that *Drury* precluded a suit against Pucinski in her official capacity, Williams maintains that he is suing Pucinski in her individual capacity.

4

In support of his claim that Eleventh Amendment immunity does not apply here because he has sued Pucinski in her individual capacity, Williams cites *Curry v. Pucinski*, 864 F.Supp. 839 (N.D. Ill. 1994), a case that closely resembles this one. In *Curry*, an inmate brought a § 1983 action against Pucinski, alleging that she violated his constitutional right of access to the courts by failing to provide records that he needed in order to file a meaningful and timely appeal. Judge Shadur carefully analyzed Pucinski's claim that the suit was barred by the Eleventh Amendment. He concluded that, although county clerks are deemed to be members of state government when they are sued in their official capacity, an attempt to raise the Eleventh Amendment bar when they are sued in their individual capacity must fail. *Id.* at 844-45.

Williams argues that the rules of the Illinois Supreme Court direct the clerk of the trial court to assemble records for appeal, and that the clerk has no discretion in carrying out that task. He relies on *Curry v. Pucinski* as support for his argument that the clerk is subject to suit in her individual capacity when her conduct of such a non-discretionary function is improper. As Judge Shadur noted in *Curry*, Pucinski becomes liable under § 1983 for violating a plaintiff's right of access to the courts if the plaintiff can show that Pucinski deprived him of records that were necessary for meaningful and timely appeal. *Id.* at 844. The Eleventh Amendment does not protect her as an individual. *Ex parte Young*, 209 U.S. 123, 159-60 (1908). But she may be immune as an auxiliary to the state court system if her activities are functionally comparable to those of judges, i.e., if she exercises some degree of discretionary judgment. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993).

Judge Shadur concluded in *Curry* that Illinois law affords the clerk no discretion in her task of assembling materials for the record on appeal, and that in performing such a non-

discretionary function, she had no discretion and was subject to suit in her personal capacity. *Id.* at 845. That conclusion is equally applicable here. If one of Pucinski's tasks is to assemble records and file them with the Appellate Court, that is a non-discretionary task, and she is not immune from suit as an individual.

Pucinski argues that *Curry* does not apply here because she was acting in her official capacity as Clerk of the Circuit Court in this case, and as such, she was acting as an arm of the Illinois state judicial system. But her attempt to distinguish *Curry* does not hold water. The significance of that ruling does not hinge on the details of the clerk's conduct, but on the overarching question of the clerk's failure to do her job properly. Further, the cases she has cited as supporting her position do not lend her much support. The case she primarily relies on, *Alencastro v. Sheahan*, 297 Ill. App. 3d 478, 698 N.E.2d 1095 (1st Dist. 1998), held that a county sheriff was a state actor–and therefore immune from suit in his official capacity--when he was carrying out the valid order of a state court (in that case, an order to evict tenants of an apartment). But that situation is very different from this one. According to Williams, Pucinski was not carrying out an order of the state court. On the contrary, she refused to comply with the state court rules regarding the filing of a record on appeal.

The other cases cited by Pucinski are equally unpersuasive. *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995), is irrelevant here because the state actor sued in that case was a state court judge. *Olison v. Ryan*, 99 C 4385, 2000 WL 1263597 (N.D. Ill. Sept. 5, 2000), is also inapplicable because the state actor who was granted immunity in that case was once again a county sheriff who was enforcing a valid court order.

Pucinski also argues that the rationale for judicial immunity should extend to her because of the danger, recognized in *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989), that litigants who are disappointed with the rulings of immune-to-suit judges will "vent their wrath on clerks...." But that rationale does not apply here. Williams is not "venting his wrath" on Pucinski because he has been frustrated by a judicial ruling and cannot sue the judge responsible for it. He is suing Pucinski because of what he alleges is her failure to do her own job.

Finally, Pucinski makes the argument that her alleged failure to file the record on appeal was due to negligence by one or more of her employees and that she cannot be held liable in her individual capacity for the actions of her employees. She cites *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995), as support. *Whitford* did hold that a plaintiff must allege that supervisory officials (in that case, prison officials) were personally involved in the deprivation of his rights. But it is enough that the conduct causing the constitutional deprivation occurs at the direction or knowledge and consent of a defendant who is in a supervisory position over others. *McMurry v. Sheahan*, 927 F. Supp. 1082, 1087 (N.D. Ill. 1996), citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Pucinski was one of the defendants in *McMurry* and denied personal involvement in the alleged violation. But the court concluded that she was "responsible for setting the policies and mandating the procedures" in her office, adding that the plaintiff had alleged sufficiently that Pucinski knew of the problems in her office and chose to ignore them. *Id.* at 1088.

Williams has stated enough here to satisfy the same requirement. He not only made a written request that Pucinski prepare the record on appeal but also wrote a number of letters to Pucinski in which he notified her that her office had not yet filed his record on appeal. As the

7

person to whom these letters were addressed, Pucinski was thereby put on notice of this situation. Williams further alleges that he sent Pucinski a copy of the Appellate Court order that the record had to be filed by March 31, 2000, or the case would be dismissed. Williams appears to have done everything he, as a prison inmate, could do to alert Pucinski to the problems in her office that led to the failure to file his record on appeal. As a supervisor, Pucinski either knew or should have known that her office had an obligation under the rules of the Illinois Supreme Court to file Williams's record on appeal and had not done so, and she cannot escape liability by claiming that her failure was due to inaction by her employees.

## Court of Claims

Pucinski also argues that this case properly belongs in the Illinois Court of Claims rather than this court. The only authority cited in support of this argument is *Alencastro v. Sheahan*, 297 Ill. App. 3d 478, 698 N.E.2d 1095 (1st Dist. 1998). In *Alencastro*, the plaintiff brought a statutory negligence claim against the sheriff whose deputies had evicted her from her apartment, under a state statute providing for the liability of a sheriff for any neglect or omission of the duties of his or her office, even when the problem was caused by a deputy rather than the sheriff. 55 ILCS 5/3-6106 (West 1992). The Illinois Appellate Court ruled that the Illinois Court of Claims Act, 705 ILCS 505/et seq. (West 1992), provided that an action like Alencastro's had to be brought in the Court of Claims.

The ruling in *Alencastro* does not apply here. First, there is no comparable statute creating liability for negligence by the Clerk of the Circuit Court of Cook County. Second, Pucinski is under an obligation to discharge her duties in compliance with the United States Constitution as well as the rules of Illinois Supreme Court. Thus, the argument that Pucinski is a

state actor who breached a duty "imposed solely by...directives from the state," *id.* at 486, must fail.

The Illinois Court of Claims does not have exclusive jurisdiction to adjudicate this action.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss this case is granted in part and denied in part. The motion is granted as to any official-capacity claims against Pucinski. The motion is denied as to the individual-capacity claim. Defendants Aurelia Pucinski and Cook County are given 20 days from the date of this ruling to answer or otherwise plead to the amended complaint.

Enter:

*Ronald A. Guzman*

Hon. Ronald A. Guzmán
United States District Judge

Date: 9/25/02