Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5588 | **DATE** | 1/13/04 |
| **CASE TITLE** | Williams v. Pucinski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due___ ___.
(4) ☐ Ruling/Hearing on ___ ___ set for ___ ___ at ___ ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ ___ set for ___ ___ at ___ ___.
(7) ☐ Trial[set for/re-set for] on ___ ___ at ___ ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ ___ at ___ ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for summary judgment [70] is denied. Plaintiff's motion for court appointed attorney [84] is denied. Plaintiff's motion for decision on his pending motion for summary judgment [85] and motion for decision on plaintiff's motion for summary judgment [91] are denied as moot. The court *sua sponte* grants summary judgment to defendants and dismisses this action with prejudice in its entirety.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JAN 14 2004 date docketed | 92 |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CLH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS

**DOCKETED**
JAN 1 4 2004

JAMES E. WILLIAMS, )
)
Plaintiff, )
v. ) CASE NO. 01 C 5588
)
AURELIA PUCINSKI, ) Judge Ronald A. Guzmán
THE COUNTY OF COOK, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff James E. Williams, formerly an inmate in the Illinois Department of Corrections, brought this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants denied him his First Amendment right of access to the courts. Williams has filed a motion for summary judgment, and defendants Aurelia Pucinski, formerly the Clerk of the Circuit Court of Cook County, and the County of Cook have filed a response. Williams filed two replies, an additional exhibit, and an affidavit supplementing his motion for summary judgment. For the following reasons, the court denies Williams's motion for summary judgment. In addition, the court *sua sponte* grants summary judgment to defendants and dismisses this action with prejudice in its entirety.

## PRELIMINARY MATTERS

Williams has filed a motion for court-appointed attorney. He states that he will be on Mandatory Supervised Release, effective September 23, 2003, and will be transferred to Tennessee supervising authorities so that he may reside with his wife. He states that he will not be able to travel to and from Chicago until his three-year MSR is completed and that he will need

1



an attorney to represent him on all issues including trial. The court has since received a change of address from Williams giving a Chicago address.

It is an abuse of discretion for a court to consider a motion to dismiss or a motion for summary judgment before ruling on a motion for appointment of counsel. *Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983); *Pierce v. United Parcel Service*, No. 01 C 5690, 2002 WL 992624 * 3 (N.D. Ill. 2002) *citing Brown-Bey*. After reviewing Williams's pleadings to date, the court concludes that he is able to represent himself at this stage of the proceedings. *See Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981). Moreover, Williams brought the motion for summary judgment, not defendants. His motion for court appointed attorney is accordingly denied.

## LEGAL STANDARD

Summary judgment is proper when the record shows no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue for trial exists only when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court ruling on a summary judgment motion must view the evidence, and all reasonable inferences from the evidence, in the light most favorable to the nonmoving party. *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv. Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). However, the mere existence of an alleged factual dispute is not sufficient to defeat a motion for summary judgment. *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002). If there are no material facts in dispute, the court may *sua sponte* grant summary judgment to the nonmoving party if the outcome is clear and the opposing party has had an opportunity to respond. *See Sawyer v. United*

2

*States*, 831 F.2d 755, 759 (7th Cir.1987); *Coach Leatherware Co. v. Ann Taylor Inc.*, 933 F.2d 162, 167 (2nd Cir.1991); *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736, 741 (N.D. Ill

Moreover, a party may not attempt to survive a motion for summary judgment through the submission of an affidavit that contradicts testimony in his deposition. *Amadio v. Ford Motor Co.*, 238 F.3d 919, 926 (7th Cir. 2001).

## COUNT ONE, *WILLIAMS V. PUCINSKI*, 98 L 014617

### BACKGROUND FACTS

On September 8, 1998, Williams filed an action in Will County, 98 MR 0853, against the County of Cook, Aurelia Pucinski, and Mike McIntyre, along with an application to sue as a poor person (Plaintiff's Exhibit 1 and 1(a)). Williams's application to sue as a poor person was granted (Plaintiff's Exhibit 2 and 2(a)).

On November 19, 1998, the case was transferred to Cook County (Plaintiff's Exhibit 3 and 3(a)), and on December 18, 1998, it was filed as 98 L 014617 (Plaintiff's Exhibit 4).

On January 22, 1999, defendants filed a motion to dismiss (Plaintiff's Exhibit 5). On April 27, 1999, defendants' motion to dismiss was granted with prejudice (Plaintiff's Exhibit 5(a)).

On May 12, 1999, Williams filed a notice of appeal and a written request for Pucinski to prepare the record on appeal, consisting of the common-law record (Plaintiff's Exhibit 7). On May 26, 1999, the Illinois Appellate Court granted Williams leave to appeal as a poor person (Plaintiff's Exhibit 8). However, Circuit Court employees refused to assist him and attempted to charge him a $75 fee for the common-law record. Pucinski never filed the record on appeal, and she never responded to the letters Williams wrote her about this matter (Plaintiff's Exhibit 8).

On August 16, 2000, the Appellate Court dismissed the appeal (Appeal No. 1-99-1642) for want of prosecution (Plaintiff's Exhibit 8).

## DISCUSSION

Williams states that he was allowed to proceed in forma pauperis. However, Williams's exhibits consist of his hand-written application to sue as a poor person (Plaintiff's Exhibit 1(a)) and copies of the statute pertaining to filing by a "poor person," 735 ILCS 5/5-105 (Plaintiff's Exhibit 2), and 735 ILCS 5/5-105.5 (Plaintiff's Exhibit 2(a)). Williams has not produced any documentation from either Will or Cook County demonstrating that a judge granted his application to sue as a poor person.

Williams states that no copy of defendants' motion to dismiss was sent to him by either the defendants or the clerk. However, as defendants point out, Williams's exhibit 5 is the Notice of Motion, clearly addressed to James Earl Williams, Register Number A-08018, P.O. Box 112, Route 538 Division Street, Joliet, IL 60434, and a copy of the motion to dismiss. Williams has also included a copy of his Legal Mail Card, which indicates that the only mailing he received from the State's Attorney was on April 30, 1999 (Plaintiff's Exhibit 5(b). All this demonstrates is that for some reason Williams appears not to have received a copy of the motion. It is not evidence that defendants did not mail the motion to Williams. Moreover, Williams has not explained how he obtained a copy of the motion to attach as his exhibit if it was never sent to him.

Williams's main complaint appears to be that Pucinski did not forward a copy of the record to the appellate court. Williams's exhibit 8, which is a list of motions filed and ruling made in his appeal 99-1642, shows that on July 21, 1999, the Illinois Appellate Court denied

4

Williams's motion for declaratory order as to free copy of record. On November 24, 1999, the Illinois Appellate Court denied Williams's motion to reconsider order of 7/21/99 denying free copy of record. It is difficult to understand which one of these orders Williams did not comprehend. Irregardless of the fact that the Appellate Court allowed Williams to proceed in forma pauperis, which presumably meant that he did not have to pay the appellate docketing and filing fees, the court decided later that he was not entitled to a free copy of the record. Williams in fact states in his deposition that the order in his Appeal No. 99-1642 designating him as a pauper "...specified for docketing fees only, docketing and filing fees only." (Plaintiff's Deposition, p. 14).

Williams has also submitted a letter, dated August 3, 1999, from Patricia Anne Formusa, Director of Civil Appeals (Plaintiff's exhibit 11(a)). The letter reads:

> In compliance with the Appellate Court order entered on July 21, 1999 and with no evidence of a trial court order allowing pauper status we cannot forward your record on appeal without the fee of $75.00 being paid. A money order made payable to the "Clerk of the Circuit Court" is necessary for the Clerk's office to forward your record to you for filing with the Appellate Court.

Neither Formusa nor Pucinski arbitrarily decided not to forward the record to the Illinois Appellate Court. They were following the order of the Illinois Appellate Court denying Williams a free copy of the record.

This letter also lays to rest Williams's claim that Aurelia Pucinski personally refused to file the record on appeal unless he paid a $75 fee for the common-law record. Williams may have addressed his correspondence and the like to Aurelia Pucinski; however, it was Patricia Anne Formusa, Director of Civil Appeals, who responded to Williams (Plaintiff's Exhibit 11(2) and Plaintiff's Deposition, p. 10). The letter also lays to rest Williams's argument that Cook

County employees refused to assist him. Formusa informed him as to the what he had to do in order to have the record forwarded to the Illinois Appellate Court. Williams may not have liked the advice, but this does not equate to a denial of access to the courts.

## COUNT TWO, *WILLIAMS v. PUCINSKI*, 00 CH 15516

## BACKGROUND FACTS

On May 10, 2000, Williams filed *Williams v. Pucinski*, 00 MR 334, in Will County (Plaintiff's Exhibit 9). On August 24, 2000, Williams's complaint, 00 MR 334, was transferred to Cook County (Plaintiff's Exhibit 9(a)). On October 26, 2000, it was docketed as 00 CH 15516[1] (Plaintiff's complaint, Exhibit B). On June 7, 2001, defendants moved to transfer the case from the Chancery Division to the First Municipal Division of the Circuit Court of Cook County because Williams sought monetary damages and did not ask for equitable or injunctive relief (Plaintiff's Exhibit 10). On June 28, 2001, Williams filed a motion for the court to take judicial notice that this suit asks for the order of injunctive relief (Plaintiff's Exhibit 10(a)). Nonetheless, on August 15, 2001, the court granted defendants' motion and transferred the case (Plaintiff's Exhibit 10(b)). The case was set on Progress Call and scheduled for hearing on defendants' motion for transfer on June 4 and 7, 2001 without notifying Williams (Plaintiff's complaint, Exhibit B). On September 19, 2001, Williams filed a motion to voluntarily dismiss this state action.[2]

---

[1]According to defendants' supplement to defendants' motion to stay, Williams brought 00 CH 15516 against Pucinski and Mike McIntyre, a deputy clerk of the circuit court, alleging denial of access to the court because they did not supply him with a copy of the motion to dismiss in 98 L 14617 and Pucinski did not file the record on appeal.

[2]The docket reflects that Williams filed a motion to dismiss. However, a letter, dated April 5, 2002, from Associate Judge Wayne Rhine to Williams which Williams attached to his Reply to Court

6

## DISCUSSION

Williams argues that this demonstrates that the County of Cook has created a policy to prohibit all county employees from providing assistance to *pro se* plaintiffs proceeding as poor persons against government employees. To support this claim, Williams cites to a letter he received from Frank J. Gagliardi, Law Clerk to the Hon. Lee Preston, dated January 5, 1998, informing Williams that employees of the Circuit Court are prohibited from rendering any legal assistance, in this particular instance, to assist Williams in obtaining service on the defendant (Plaintiff's Complaint, Exhibit C). Because of Cook County's policy not to assist *pro se* plaintiffs, Williams claims he filed a motion to voluntarily dismiss 00-CH-15516 on September 19, 2001.

Gagliardi's letter has no bearing on this case. First, it was written in regard to another case Williams filed before he filed 00-CH-15516. Second, defendants obviously were served or waived service in 00-CH-15516 because they brought motions before the court. Third, as to the motions to which Williams refers, it appears that he filed responses to them (Plaintiff's Exhibit 10(a)). The court also notes several Notices of Motions from defendants among Williams's exhibits. He was apprised of the motions and given an opportunity to respond. The fact that he disagreed with the circuit court's rulings does not translate into a denial of access to the courts.

Even assuming that Cook County has an ordinance[3] prohibiting county employees from

---

Order of April 8, 2002, Exhibit B, states that this action was dismissed for want of prosecution on September 17, 2001.

[3] This court has not located, and neither party has supplied the court with a cite to or a copy of this ordinance referred to in Gagliardi's letter.

7

giving legal advice or assistance, this is a perfectly reasonable policy. First, there is no right to appointed counsel or other free legal advice in civil litigation. *See Texaco, Inc. v. Short*, 454 U.S. 516, 531-33, 536-37 (1982); *Parham v. J.R.*, 442 U.S. 584, 608-09 (1979); *cf. Pennsylvania v. Finley*, 481 U.S. 551, (1987). Second, the Illinois Supreme Court in *Bernier v. Schaefer*, 11 Ill.2d 525, 530, 144 N.E.2d 577, 579 (1957), stated:

> ... [T]he defendant seeks to excuse his inaction because of alleged representations of the deputy clerk. We have found no decision supporting any right to vacate a judgment after 30 days on the asserted ground. In *Higgins v. Bullock*, 73 Ill. 205, a party served with summons failed to appear and defend because he claimed he was misled by the sheriff. It was held that if the defendant placed reliance on statements of the sheriff he did so at his peril. Similarly, no regular or official duty of the clerk was involved here; *it is no part of a deputy clerk's task to give litigants legal advice.* (This court's emphasis.)

Third, in describing the duties of the Clerk of Court for the Northern District of Illinois, Judge Shadur wrote: "After all, the Clerk does not render legal advice to inmates. Instead, his job is to file pleadings and other documents, maintain the court's files and inform litigants of the entry of court orders." *Sanders v. Department of Corrections*, 815 F.Supp. 1148, 1149 (N.D. Ill. 1993). This description of the duties of clerks for federal courts is similar to those duties for county clerks contained in 55 ILCS 5/3-2013:

### 5/3-2013. General duties of clerk
§ 3-2013. General duties of clerk. Subject to the provisions of "The Local Records Act", the duties of the county clerk shall be--

1st. To act as clerk of the county board of his county and to keep an accurate record of the proceedings of said board, file and preserve all bills of account acted upon by the board, and when any account is allowed or disallowed, he shall note that fact thereon, and when a part of any account is allowed he shall note particularly the items allowed.

2nd. To keep a book in which he shall enter the number, date and amount of each order upon the county treasurer, and the name of the person in whose favor the same is drawn, and when such order is canceled, he shall note the date of cancellation opposite such entry.

3rd. Before any such order is delivered to the person for whose benefit it is

drawn, the county clerk shall present the same to the county treasurer, who shall personally countersign the same.

        4th. To keep a book, in which shall be entered in alphabetical order, by name of the principal, a minute of all official bonds filed in his office, giving the name of the office, amount and date of bond, names of sureties and date of filing, with such reference to the number or other designation of the bond, that the same may be easily found.

        5th. To keep proper alphabetical indexes of all records and papers in his office.

        6th. To give any person requiring the same, and paying the lawful fees therefor, a copy of any record, paper or account in his office.

        7th. Such other duties as are or may be required by law.

Nowhere in this statute does it state that the clerk is to render legal advice or assistance to litigants, pro se or not.

In his reply, Williams argues that he was granted in forma pauperis status in Will County Circuit Court in 98 MR 852 (later 98 L 014617) (Plaintiff's Exhibit 14). This does not change the fact that the Illinois Appellate Court denied him a free record, and that the Appellate Court's grant of in forma pauperis status was for docketing and filing fees only (Plaintiff's Deposition, p. 14).

In sum, particularly through his own exhibits, Williams has demonstrated that he was not denied access to the courts.

## CONCLUSION

For the foregoing reasons, the court denies Williams's motion for summary judgment. In addition, the court *sua sponte* grants summary judgment to defendants and dismisses this action with prejudice in its entirety.

Williams's motion for court appointed attorney is denied. Williams's motion for decision on his pending motion for summary judgment and motion for decision on Williams's motion for summary judgment are denied as moot.

If Williams wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. Unless he is granted leave to proceed on appeal *in forma pauperis*, he will be liable for the $255 appellate filing fee.

**SO ORDERED**  ENTERED: 1/13/04

*[signature]*

**HON. RONALD A. GUZMÁN**

**United States Judge**